PER CURIAM.
Under Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 13-14 (Fla.2000), the Court internally reviews and maintains the Florida Supreme Court Approved Family Law Forms. In this matter, the Court previously adopted amendments to multiple Florida Supreme Court Approved Family Law Forms and adopted three new forms. In re Amendments to Fla. Supreme Court Approved Family Law Forms, 20 So.3d 173 (Fla.2009). The majority of the amendments to existing forms removed the terms “custody,” “custodial or noncustodial parent,” “primary or secondary residential parent,” “visitation,” and the like, and incorporated the concepts of the “parenting plan” and “time-sharing” into the forms.[1] The three new forms were: (1) form 12.995(a) (Parenting Plan *793 (non-supervised)); (2) form 12.995(b) (Parenting Plan (supervised/safety focused)); and (3) form 12.993(d) (Children of Military Parents).[2] After their adoption, the amended and new forms were published for comment. Comments were filed by Margaret Pearce of Gulf Coast Legal' Services, Inc., the Honorable Renee Golden-berg, Circuit Judge of the Seventeenth Judicial Circuit (Unified Family Court Division), the Honorable John C. Lender-man, Circuit Judge of the Sixth Judicial Circuit, the Family Law Rules Committee, and the Family Law Section of The Florida Bar. The Court also received additional input from its Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms.
Upon consideration of the comments and the input of the Workgroup, we further amend the Florida Supreme Court Approved Family Law Forms as shown in the appendix to this opinion.[3] The forms are fully engrossed and ready for use. The amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS (12/10)
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may. want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a *794 petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.
Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners ■ should refer to the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla.1995[1996]); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar—Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida Bar—Approval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.
NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under “Attorney.” If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.
*795 FAMILY LAW PROCEDURES
Communication with the court Ex parte communication is communication with the judge with only - one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case. A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk’s office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service. When one party files a petition, motion, or other pleading, the other party must be “served” with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a.deputy sheriff or private process server, service of most motions and other documents. or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send ¿ copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914. Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be'read carefully to ensure that you have the other party properly served. If proper service *796 is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
Default... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and Counterpetition... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent’s counterpetition.
Mandatory disclosure... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Parenting Plan. If your case involves minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b). The Parenting Plan shall be developed and agreed to by the parents and approved by a court. *797 If the parents cannot agree, or if the agreed Parenting Plan is not approved, the court must establish a Parenting Plan. The Parenting Plan shall contain a time-sharing schedule and should address the issues regarding the child(ren)’s education, health care, and physical, social, and emotional well-being.
Setting a hearing or trial. Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms...
{specify}, {date}, {name(s)}, {street}, {city}, {state}, {phone}
Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).
[one only] [all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. () This also shows an area where you must make a choice. Check the () in front of the choice that applies to you or your case.
[[Image here]]
Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or-print this case number on all papers you file in this case.
Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner be *798 cause he/she is the one who filed the original petition.
Line 6 Type or print the other party’s legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _(1)
_(2)
Signature of Petitioner
Printed Name: _(3)
Address: _(4)
City, State, Zip: _(5)
Telephone Number:
(6)
Fax Number: _(7)
Some forms require that your signature be witnessed. You must sign the form in the presence of a notary public or deputy clerk (employee of the clerk of the court’s office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-7) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
STATE OF FLORIDA
[[Image here]]
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced
DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the form is to be completed by the notary public who is witnessing your signature. IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _(1)_, a nonlawyer, located at {street} (2) , {city} (3) {state} (4) {phone} (5) , helped {name} (6) , who is the petitioner, fill out this form.
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawyer who helps you should type or print his or her name on line 1.
Lines 2-5 The nonlawyer’s address and telephone number should be typed or printed on lines 2-5.
Line 6 Your name should be typed or printed on line 6.
In addition, a Disclosure from Nonlaw-yer, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should *799 keep a copy of this disclosure for your records.
FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit — a written statement in which the facts stated are sworn or affirmed to be true.
Answer — written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal — asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asset — everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorney — a person with special education and training in the field of law who is a member in good standing of The Florida Bar and'licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court’s Internet site located at http://www.flcourts.org.
Bond — money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depository — the office of the clerk of court that is responsible for collecting and disbursing court-ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Service — a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy — a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mail — mail which requires the receiving party , to sign as proof that they received it.
Child Support — money paid from one parent to the other for the benefit of their dependent or minor ehild(ren).
Clerk of the Circuit Court — elected official in whose office papers are filed, a case number is assigned, and case files are *800 maintained. The clerk’s office usually is located in the county courthouse.
Constructive Service — notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called “service by publication.” However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.918(b) and Florida Supreme Court Approved Family Law Form 12.918(a).
Contested Issues — any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.'
Contingent Asset — an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability — a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition — a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Custody Order — a judgment or order incorporating a Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. ss. 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980.
Default — a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent — late.
Dependent Child(ren) — children) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
Deputy Clerk — an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriage — divorce; a court action to end a marriage.
Electronic Communication — Contact, other than face-to-face contact, facilitated by tools such as telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies, or other means of communication to supplement fact-to face contact between a parent and that parent’s minor child.
Enjoined — prohibited by the court from doing a specific act.
Ex Parte — communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court’s office, with certifica *801 tion that a copy was sent to the other party.
Family Law Intake Staff — a court’s employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk’s office can tell you if your county has such assistance available.
Filing — delivering a petition, response, motion, or other pleading in a court case to the clerk of court’s office.
Filing Fee — an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Application for Determination of Civil Indigent Status, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk’s office.
Final Hearing — trial in your case.
Financial Affidavit — a sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgment — a written document signed by a judge and recorded in the clerk of the circuit court’s office that contains the judge’s decision in your case.
Guardian ad Litem — a neutral person who may be appointed by the court to evaluate or investigate your child’s situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not “work for” either party. The guardian may interview the parties, visit their homes, visit the child(ren)’s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearing — a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.
Health Insurance — coverage under a fee-for-service arrangement, health care maintenance organization, or preferred provider organization, and other types of coverage available to either parent, under which medical services could be provided to a minor or dependent child.
Judge — an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistant — the judge’s personal staff assistant.
Liabilities — everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimony — money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosure — items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Asset — generally, anything that you and/or your spouse acquired or received (by gift or purchase)' during the marriage. For example, something you owned before your marriage may be non-marital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
*802 Marital Liability — generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator — a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party’s side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modification — a change made by the court in ah order or final judgment.
Motion — a request made to the court, other than a petition.
No Contact — a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, ehild(ren), or other family member.
Nonlawyer — a person who is not a member in good standing of The Florida Bar.
Nonmarital Asset — generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liability — generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonparty — a person who is not the petitioner or respondent in a court case.
Notary Public — a person authorized to witness signatures on court related forms.
Obligee — a person to whom money, such as child support or alimony, is owed.
Obligor — a person who is ordered by the court to pay money, such as child support or alimony.
Order — a written decision signed by a judge and filed in the clerk of the circuit court’s office, that contains the judge’s decision on part of your case, usually on a motion.
Original Petition — see Petition.
Parenting Course — a class that teaches parents how to help their child(ren) cope with divorce and other family issues.
Parenting Plan — a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren). The Parenting Plan must contain a time-sharing schedule for the parents and child(ren) and shall address the issues concerning the minor child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)’s education, health care, physical, social, and emotional well-being. In creating the Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parents cannot agree to a Parenting Plan, or if the parents agreed to a plan that is not approved by the court, a parenting plan will be established by the court with or without the use of parenting plan recommendations.
Parenting Plan Recommendation — A nonbinding recommendation concerning one or more elements of a parenting plan made by a court-appointed mental health practitioner or other professional designated pursuant to either section 61.20 or 61.401, Florida Statutes, or Florida Family Law Rule of Procedure 12.363.
*803 Party — a person involved in a court case, either as a petitioner or respondent.
Paternity Action — A lawsuit uséd to determine whether a designated individual is the father of a specific child or children.
Payor — an employer or other person who provides income to an obligor.
Permanent Alimony — spousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first.
Personal Service — when a summons and a copy of a petition (or other pleading) that has been filed with the court aré delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petition — a written request to the court for legal action, which begins a court case.
Petitioner — the person who files a petition that begins a court case.
Pleading — a formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Pro Se Litigant — a person who appears in court without the assistance of a lawyer.
Pro Se Coordinator — see Family Law Intake Staff.
Rehabilitative Alimony — spousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself.
Respondent — the person who is served with a petition requesting some legal action against him or her.
Scientific Paternity Testing — a medical test to determine who is the father of a child.
Service^ — the delivery of legal documents to a party. This-must be accomplished as directed by Florida Family Law Rules Í2.070 and 12.080.
Shared Parental Responsibility — an arrangement under which both parents have full parental rights arid responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibility — a parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of time-sharing to the other parent.
Supervised Time-Sharing — a parenting arrangement under which time-sharing between a parent and his or her ehild(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petition — a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Time-Sharing Schedule — a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child or children will spend with each parent. The time-sharing schedule shall either be developed and agreed to by the parents of a minor child or children and approved by the court, or established by the court if the parents cannot agree, or if. their agreed-upon schedule is not approved by the court.
*804 Trial — the final hearing in a contested case.
Uncontested — any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITIOÑ FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (12/10)
When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of már-riage and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
• You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if, your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case vrill then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Ap *805 proved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If your spouse files an answer or an answer and counterpetitidn, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12:903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a-Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking 'that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law *806 Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Safety Focused Parenting Plan, Form 12.995(b) If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor children).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, *807 you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar-ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with children), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and-settled by the judge at the final hearing.
Parenting Plan... In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and yóur spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, ease number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form *808 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*809 [[Image here]]
*810 [[Image here]]
*811 [[Image here]]
*812 [[Image here]]
*813 [[Image here]]
*814 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d), UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT (12/10)
When should this form be used?
This form should be used in any case involving custody of, visitation with, or time-sharing with any minor children). This affidavit is required even if the custody of, visitation, or time-sharing with the minor children) are not in dispute.
This form should be typed or printed in black ink. ■ After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes.
Special notes...
Chapter 2008-61, Laws of Florida, effective October 1, 2008, eliminated such terms as custodial parent, noncustodial parent, primary residential parent, secondary residential parent, and visitation from Chapter 61, Florida Statutes. Instead, parents are to develop a Parenting Plan that includes, among other things, their time-sharing schedule with the minor child(ren). If the parents cannot agree, a parenting plan will be established by the Court. However, because the UCCJEA uses the terms custody and visitation, they are included in this form.
If you are the petitioner in an injunction for protection against domestic violence case and you have filed a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to write the address where you are currently living.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*815 [[Image here]]
*816 [[Image here]]
*817 [[Image here]]
*818 [[Image here]]
*819 [[Image here]]
*820 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (12/10)
When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes...
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*821 [[Image here]]
*822 [[Image here]]
*823 [[Image here]]
*824 [[Image here]]
*825 [[Image here]]
*826 [[Image here]]
*827 [[Image here]]
*828 [[Image here]]
*829 [[Image here]]
*830 [[Image here]]
*831 [[Image here]]
*832 [[Image here]]
*833 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a), ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE (12/10)
When should this form be used?
This form should be used when you have been served with a petition for dissolution of marriage and you do not wish to contest it or appear at a hearing. If you file this form, you are admitting all of the allegations in the petition, saying that you do not need to be notified of or appear at the final hearing, and that you would like a copy of the final judgment mailed to you.
This form should be typed or printed in black ink, and your signature should be witnessed by a notary public or deputy clerk. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form, along with all of the other forms required with this answer and waiver, must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there.
Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (ÚCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of' service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
*834 Parenting Plan and Time-Sharing... By filing this answer and waiver, you are agreeing to any parenting plan and time-sharing requests in the petition. The judge may request a parenting plan recommendation or appoint a guardian ad litem in your ease. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support... By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the *835 parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.
Final Judgment... You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerks office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*836 [[Image here]]
*837 [[Image here]]
*838 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(b), ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE (12/10)
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage and you wish to admit or deny all of the allegations in the petition but you do not plan to file a counterpetition seeking relief. You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition.
What should I do next?
A copy of this form, along with all of the other forms required -with this answer, must be mailed or hand delivered to the other party in your case. You have 20 days to answer after being served with the other party’s petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED... If you file an answer that agrees with everything in the other party’s petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the final hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If you file an answer which disagrees with or denies anything in the petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information.
Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you).
*839 • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
• Notice of Social Security Number, Florida' Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Láw Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the ehild(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to the entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parént. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. *840 From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a coun-terpetition. Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)). If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor children), Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), and Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of *841 the issues, the judge may use Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2), or Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*842 [[Image here]]
*843 [[Image here]]
*844 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)(12/10)
When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with dependent or minor children) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to answer after being served with the other party’s petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows: The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
UNCONTESTED... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or coun-terpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do *845 not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voters registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
• Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
• Parenting Plan, Florida Supreme Court Approved Family Law Form 12.9.995(a) or Safety Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting Plan and Time-Sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor children).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the children) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
*846 Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions, of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities ... Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, in-eluding child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital, assets and liabilities.
Parenting Plan... In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida *847 Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*848 [[Image here]]
*849 [[Image here]]
*850 [[Image here]]
*851 [[Image here]]
*852 [[Image here]]
*853 [[Image here]]
*854 [[Image here]]
*855 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (12/10)
When should this form be used?
This form should be used when you are responding to a supplemental petition for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a counterpetition. There is no form for a counterpetition to a supplemental petition- in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(1), or Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(2).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case was filed and keep a copy for your' records. This must be done within 20 days of receiving the supplemental petition.
What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed.or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other party’s' supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED... , If you file an answer that agrees with everything in the other party’s supplemental petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk; family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If you file an answer which, disagrees with or denies anything in the supplemental petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory. disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. If you request the hearing, you should contact the clerk, family law'intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information.
*856 Special notes...
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party’s income, you may file this worksheet after his or ■ her financial affidavit has been served on you.)
• Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Láw Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital’ Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902®, if not previously filed.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to ex-' change these documents.)
Parenting and Time-Sharing... If you and the other party are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.18, Florida Statutes. A parenting course may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before com-pléting your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
Shared Parental Responsibility
Sole Parental Responsibility
Supervised Time-Sharing
*857 No contact
Parenting Plan
Parenting Plan Recommendation
Time-Sharing Schedule
Child Support... If this ease involves child support issues, the court may order one parent to pay child support to assist the other parent in meeting the ehild(ren)’s material needs: Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding parental responsibility and time-sharing with children), child support or alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor children), you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Settlement Agreement... If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/ Time-Sharing Schedule or Other Relief, Florida Supreme Court Approved Family Law Form 12.993(a), a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), and a Supplemental Final Judgment Modifying Alimony, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you' should type or print the heading, including the circuit, county, case number, division, and the parties’ *858 names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*859 [[Image here]]
*860 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (12/10)
When should this form be used?
This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor children), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with children). It only deals with alimony and child support.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through “for Dissolution of Marriage” and inserting “for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren).” If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by *861 using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see section 61.09, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent children).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a por *862 tion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Fámily Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Final Judgment Form. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*863 [[Image here]]
*864 [[Image here]]
*865 [[Image here]]
*866 [[Image here]]
*867 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY PARENTAL RESPONSIBILITY, VISITATION OR PARENTING PLAN/ TIME-SHARING SCHEDULE AND OTHER RELIEF (12/10)
When should this form be used?
This form should be used when you are asking the court to change the current parental responsibility, visitation, and/or Parenting Plan/time-sharing schedule. A determination of parental, responsibility, a Parenting Plan and a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order or judgment was entered. If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file ,the original with the. clerk of the circuit court and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial *868 assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) if- you are seeking to modify child support. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or 12.995(b). If the parties have reached an agreement, the Parenting Plan should be signed by both parties. If you have not reached an agreement, a proposed Parenting Plan may be filed. Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932 if you are seeking to modify child support. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Parenting Plan and Time-Sharing... If you and the respondent are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule *869 based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.18, Florida Statutes.
A parenting course may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility

• Sole Parental Responsibility

• Supervised Time-Shariny

• No contact

• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding parental responsibility and time-sharing with children), or temporary child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary pub- *870 lie. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/ Time-Sharing Schedule And Other Relief, Florida Supreme Court Approved Family Law Form 12.998(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*871 [[Image here]]
*872 [[Image here]]
*873 [[Image here]]
*874 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b), SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT (12/10)
When should this form be used?
This form should be used -when you are asking the court to change a current court-ordered child support obligation. The court can change a child support order or judgment if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)’s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the children) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
*875 CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Forin 12.924, after you have complied •with mandatory disclosure and filed all of the required papers.' Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition; Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further- information, see chapter 61, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange thesé documents.)
Chiid Support.The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do *876 the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form.... These family law forms contain a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.998(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the .hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*877 [[Image here]]
*878 [[Image here]]
*879 [[Image here]]
*880 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d), SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE (12/10)
When should this form be used?
This form should be used when a parent seeks a temporary modification of an order establishing custody, visitation, a parenting plan, or time-sharing schedule because the parent is activated, deployed, or temporarily assigned to military service and the parent’s ability to comply with the prior order (s) and time-sharing schedule is materially affected.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. This form and these instructions do not apply to modification of temporary orders.
What should I do next?
For your ease to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting dissolution of marriage, the court may only grant limited relief. For more information on construc-five service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.918(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family *881 Law Form 12.928, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Coimterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.18002, Florida Statutes.
Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). If you are seeking modification of the child support obligation. (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.)
• Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) if you are seeking modification of the child support obligation.
• Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or (b). If the parties have reached an agreement, a signed and notarized Parenting Plan should be attached. If you have not reached an agreement, a proposed Parenting Plan may be filed.
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932 if you are seeking modification of the child support obligation. (This must *882 be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Temporary Judgment Form... These family law forms contain a Supplemental Temporary Judgment Modifying Parenting Issues for Children of a Parent Activated, Deployed or Temporarily Assigned to Military Service Florida Supreme Court Approved Family Law Form 12.993(d), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*883 [[Image here]]
*884 [[Image here]]
*885 [[Image here]]
*886 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.940(d), MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION (12/10)
When should this form be used?
If a temporary injunction, either ex parte or after a hearing, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction. This motion should not be used to dissolve a Temporary Injunction for Protection Against Domestic Violence.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A hearing will be held within 5 working days. You should ask for the date and time of your hearing and should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party, along with a notice of hearing.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.
Special notes...
If parental responsibility or time-sharing of a minor child(ren) is at issue, you must also file the following, if you have not already done so:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
Order... These family law forms contain an Order Dissolving Temporary Injunction, Florida Supreme Court Approved Family Law Form 12.940(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*887 [[Image here]]
*888 [[Image here]]
*889 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (12/10)
When should this form be used?
You should use this form if you want the court to enter an order that your minor children) is (are) not to be removed- from the State of Florida while a case involving parenting or time-sharing is pending, that passport services for the minor child(ren) be prohibited, and/or that existing passports be turned over to you.
This form should be typed or printed in black ink. If you want the court to enter an ex parte order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.
What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the court’s order, served by personal service on the other party. You should read the court’s order carefully. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without ádvance notice to the other side, you should check with the clerk of court, family law intake staff, or judicial assistant for information'on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court’s order, if any, and the hearing.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.
Special notes...
If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given. The court may require you to post a bond as a condition of the injunction.
With this form you must also file the following, if you have not already done so, and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
Temporary Injunctions ... These family law forms contain a Temporary Injunc *890 tion to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte), Florida Supreme Court Approved Family Law Form 12.941(b), which the judge may use if he or she enters an order without a hearing, and a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice), Florida Supreme Court Approved Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*891 [[Image here]]
*892 [[Image here]]
*893 [[Image here]]
*894 [[Image here]]
*895 [[Image here]]
*896 Petitioner (or his or her attorney) Respondent (or his or herattorney)
U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
oreventabduction@state.eov
Florida Supreme Court Approved Family Law Form 12.941(b), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte) (12/10)
*897 [[Image here]]
*898 [[Image here]]
*899 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(d), EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER (12/10)
When should this form be used?
You may use this form to request that .the court enter an order directing the sheriff or other law enforcement officer to, take a minor children) from the person who currently has physical possession of the children) and deliver the children) to your physical custody or possession. This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child. This means that you already have a court order awarding you legal custody of or time-sharing with the children) OR you are the birth mother of one or more children born out of wedlock and no court order has addressed any other persons parental rights. Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms.
This form should be typed or printed in black ink. This form presumes that you want the court to enter an ex parte order without giving the other side advance notice of the hearing. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original, along with all of the other forms required, with the clerk of the circuit court in the county where the children) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.
What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the courts order served by personal service on the other party. You should read the courts order carefully. The order may require the sheriff to place the children) somewhere other than in your physical possession. Look for directions in the order that' apply to you and note the time and place of the hearing- scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, and use personal service to notify the other party of your motion, the courts order, if any, and the hearing.
Special notes...
With this form you must also file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• A certified copy of the court order showing that you have legal custody of or time-sharing with the children), if any.
*900 OR
A certified copy of the child(ren)’s birth certificate(s), if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.
OR
A certified copy of any judgment establishing paternity, time-sharing with or custody of the minor child(ren).
Order... These family law forms contain an Order to Pick-Up Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*901 [[Image here]]
*902 [[Image here]]
*903 [[Image here]]
*904 [[Image here]]
*905 [[Image here]]
*906 [[Image here]]
*907 [[Image here]]
*908 [[Image here]]
*909 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.942(a), MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM (12/10)
When should this form be used?
This form may be used by either party in a family law case involving parenting, time — sharing, or paternity of a minor children) to request that the judge appoint a guardian ad litem to represent the best interests of the minor child(ren). You should use this form if you feel that your child(ren) needs someone other than you to ensure that both the judicial system and the other party(ies) act(s) in the best interests of the child(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program or an attorney who is a member in good standing with The Florida Bar.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
It is possible that there will be a hearing on your motion.. The judge may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion. If a hearing is required, check with the clerk of court, family law court staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401405, Florida Statutes.
Special notes...
Order... These family law forms contain an Order Appointing a Guardian ad Li-tem, Florida Supreme Court Approved Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*910 [[Image here]]
*911 [[Image here]]
*912 [[Image here]]
*913 [[Image here]]
*914 [[Image here]]
*915 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (12/10)
When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with' the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.
Special notes...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
With this form you must also file the following, if not already filed:
• Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*916 [[Image here]]
*917 [[Image here]]
*918 [[Image here]]
*919 [[Image here]]
*920 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN) (12/10)
When should this form be used?
This form may be used by:
(1) The respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); temporary time-sharing schedule with minor children); temporary child support; and other relief.
OR
(2) The petitioner in a pending action for support unconnected with dissolution. For you to use this form, a petition for support unconnected with dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.
What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. Words in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.
Special notes...
If you use paragraph l.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
With this form you must also file the following, if not already filed:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if this case involves a minor or dependent child(ren).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are *921 asking that temporary child support be ordered. (If you do not know the other party’s income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
The parties seeking relief shall serve a financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or (c)) and certificate of compliance (Florida Family Law Rules of Procedure Form 12.932) with the notice of hearing on the motion for temporary support and time-sharing.
Parenting Plan... If you have reached an agreement on either a temporary Parenting Plan or time-sharing schedule, the proposed temporary Parenting Plan or time-sharing schedule, signed by both parties, should be filed. (Either Florida Supreme Court Family Law Form 12.995(a) or 12.995(b)). If you have not reached an agreement, a proposed Parenting Plan or temporary time-sharing schedule may be filed for consideration by the Court.
Temporary Order... These family law forms contain a Temporary Order for Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer.... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*922 [[Image here]]
*923 [[Image here]]
*924 [[Image here]]
*925 [[Image here]]
*926 [[Image here]]
*927 [[Image here]]
*928 [[Image here]]
*929 [[Image here]]
*930 [[Image here]]
*931 [[Image here]]
*932 [[Image here]]
*933 [[Image here]]
*934 [[Image here]]
*935 [[Image here]]
*936 [[Image here]]
*937 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT (12/10)
When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.
What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other party(ies) in your case. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921, or [Notice of Hearing Before] General Magistrate, Florida Family Law Rules of Procedure Form 12.920[ (c) ], which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party. Again, if. notice is mailed, the court in certain circumstances may not consider mailing to be adequate' notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys’ fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning *938 of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*939 [[Image here]]
*940 [[Image here]]
*941 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (12/10)
When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner’s family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner’s child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, ór has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has de- , stroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10.Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. *942 If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or Petition for Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or Petition for Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(c)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one side — YOU. The temporary injunction gives a date that you must appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice), Florida Supreme Court Approved Family Law Form 12.980(d)(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide- you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
*943 What can I do if the judge denies my petition?
If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your, petition, unless you request that no hearing be set. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence, Florida Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
Special notes ...
With this form you may also need to file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your parenting plan or time-sharing for a minor ehild(ren).
• Parenting plan means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren) and must contain a time-sharing schedule for the parents and ehild(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)’s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan shall be developed and agreed to by the parents and approved by a court, or, established by the court, with or without the use of a court-ordered parenting plan recommendation. If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan shall be established by the court. “Time-sharing schedule” means a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, or if their agreed-upon schedule is not approved by the court, the schedule shall be established by the court.
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), must be *944 completed and filed if you are asking the court to determine issues of temporary child support.
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.
*945 [[Image here]]
*946 [[Image here]]
*947 [[Image here]]
*948 [[Image here]]
*949 [[Image here]]
SECTION V. TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR MINOR CHILD(REN) (Complete this section only if you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party. You must be the natural parent, adoptive parent, or guardian by court order of the minor child(ren). If you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party, you must also complete and file a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).)
Note: If the paternity of the minor child(ren) listed below has not been established through either marriage or court order, the Court may deny a request to provide a temporary parenting plan.
Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (12/10)
*950 [[Image here]]
*951 [[Image here]]
*952 [[Image here]]
*953 [[Image here]]
*954 [[Image here]]
*955 [[Image here]]
*956 [[Image here]]
*957 [[Image here]]
*958 [[Image here]]
*959 [[Image here]]
*960 [[Image here]]
*961 [[Image here]]
*962 [[Image here]]
*963 INJUNCTION AND TERMS
This injunction shall be in full force and effect until [ ] further order of the Court or [ ]_. This injunction Is valid and enforceable in all counties of the State of Florida. The terms of this Injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, Including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner If prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner’s motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year In jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C SECTION 2262. ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary parenting plan and temporary time-sharing with respect to the minor child(ren).
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner's current residence {list address}_ or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment {list address of current employment}_
Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (12/10)
*964 [[Image here]]
*965 [[Image here]]
*966 [[Image here]]
*967 [[Image here]]
*968 [[Image here]]
*969 [[Image here]]
*970 [[Image here]]
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION (Provisions In this Injunction that do not Include a line for the judge to either Initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)
1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61 or Chapter 39, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, parental responsibility, parenting plan, time-sharing, child custody, or child support.
Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final judgment of Injunction for Protection Against Domestic Violence with Minor Chlld(ren) (After Notice) (12/10)
*971 2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney's Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest. Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction Is effected upon Respondent.
6. THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787 OF FLORIDA STATUTES AND OTHER SIMILAR STATUTES.
[[Image here]]
*972 [[Image here]]
*973 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(h), REQUEST FOR CONFIDENTIAL FILING OF ADDRESS (12/10)
When should this form be used?
If you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, you should complete this form and fHg It with the clerk of the circuit court.
This form should be typed or printed in black ink. After completing this form, you should £|⅛ the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
Instructions for Florida Supreme Court Approved Family Law Form 12.980(h), Request for Confidential Filing of Address (12/10)
*974 [[Image here]]
*975 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a) (11, STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT (12/10)
When should this form be used?
This form is to be completed and signed by the parent who is giving up all rights to, custody of, and time sharing with the minor child to be adopted. This consent shall not be executed before the birth of the minor child. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062 - 63.082, Florida Statutes, in particular.
This form should be typed or printed in black ink. It must be signed in the presence of a notary public or denutv clerk and two witnesses other than the notary or clerk. You should fi|£ this form with the Joint Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(b)(1).
After completing this form, you should hand deliver a copy or duplicate original to the parent giving consent and have them sign the original saying they received a copy. Then you should file the original with the clerk of the circuit court in the county where the Joint Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(b)(1) Is filed and keep a copy for your records.
Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent (12/10)
*976 [[Image here]]
3. I understand my legal rights as a parent and I understand that I do not have to sign this consent and release of my parental rights. I acknowledge that this consent Is being given knowingly, freely, and voluntarily. I further acknowledge that my consent is not given under fraud or duress. I understand that there is a "grace period" in Florida during which I may revoke my consent. If the child to be adopted is older than 6 months at the time of consent, this grace period is for 3 days or until the child has been placed with the prospective adoptive parents, whichever is later. I understand that, in signing this consent, I am permanently and forever giving up all my parental rights to and interest in this (these) minor child(ren) and that this consent may only be withdrawn if the Court finds it was obtained by fraud or duress. I voluntarily, permanently relinquish all my parental rights to this (these) minor child(ren).
4. I consent, release, and give up permanently, of my own free will, my parental rights to this (these) minor child(ren), for the purpose of stepparent adoption.
5. I waive any further notice of the stepparent adoption proceeding.
Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent(12/10)
*977 6. I understand that pursuant to Chapter 63, Florida Statutes, "an action or proceeding of any kind to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment terminating parental rights on any ground may not be filed more than 1 year after entry of the judgment terminating parental rights."
7. I understand I have the right to choose a person who does not have an employment, professional, or personal relationship with the adoption entity or the prospective adoptive parents to be present when this affidavit is executed and to sign it as a witness. The witness I selected Is: {full legal name}_.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and waiver and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
*978 [[Image here]]
*979 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(b)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT (12/10)
When should this form be used?
This form should be used when a stepparent is adopting his or her spouse's child. Both the stepparent and his or her spouse must sign this petition. You must attach. all necessary consents or acknowledgments that apply to your case, as listed under the Special Notes section below. Florida Statutes require that consent to adoption be obtained from:
• the mother of the minor.
• the father of the minor if:
1. the minor was conceived or born while the father was married to the mother;
2. the minor is his child by adoption;
3. the minor has been established by a court proceeding to be his child;
4. he has filed an affidavit of paternity pursuant to section 382.013(2)(c) Florida Statutes; or
5. in the case of an unmarried biological father, he has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor, has filed such acknowledgment with the Office of Vital Statistics of the Department of Health within the required timeframes, and has complied with the requirements of section 63.062(2).
Determining whether someone’s consent is required, or when consent may not be required — is a complicated issue and you may wish to consult an attorney. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082 in particular.
This form should be typed or printed in black ink. The name to be given to the child(ren) after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a notary public or deputy clerk. You should then file the original and 1 copy with the clerk of the circuit court in the county where the minor resides unless the court changes the venue.
What should I do next?
For your case to proceed, you must have the written consent of the other birth parent and the child, if applicable. The court may choose not to require consent to an adoption in some circumstances. . For more information about situations where consent may not be required, see section 63.064, Florida Statutes. If you are attempting to proceed without the consent of the other birth parent, you may wish to consult with an attorney. Section 63.054, Florida Statutes, requires that in each adoption proceeding, the Florida Putative Father Registry be searched. You will need an order from the judge to do this, which you can request by filing a Motion for Search of the Putative Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
When you have filed all of the required forms and met the requirements as outlined above, you are ready to set a heating on your petition. You should check with the clerk of court, family law intake staff or the judicial assistant to set a final hearing. If all persons required to consent have consented and the consents/affidavits of nonpaternity have been filed with the court, the hearing may be held imme *980 diately. If not, notice of the hearing must be given as provided by the Rules of Civil Procedure. See Form 1.902, Florida Rules of Civil Procedure. If you know where the other birth parent lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. In order to use constructive service you will need to complete and submit to the court Stepparent Adoption: Affidavit of Diligent Search, Florida Supreme Court Approved Family Law Form 12.981(a)(4). For more information about personal and constructive service, you should refer to the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.
Special notes ...
With this petition you must file the following:
• Consent form executed by the birth parent, Stepparent Adoption: Consent and Waiver by Parent, Florida Supreme Court Approved Family Law Form 12.981(a)(1) or Stepparent Adoption: Affidavit of Nonpaternity, Florida Supreme Court Approved Family Law Form 12.981(a)(3).
• If any person whose consent is required is deceased, a certified copy of the death certificate must be attached to this Petition.
• Consent form executed by the minor child(ren), if the child(ren) is/are over 12 years of age, Stepparent Adoption: Consent of Adoptee, Florida Supreme Court Approved Family Law Form 12.981(a)(2). The court can excuse filing of this form under certain circumstances.
• Certified copy of the child(ren)’s birth certificate.
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• If applicable, Stepparent Adoption: Motion for Search of the Putative Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
These family law forms contain a Final Judgment of Stepparent Adoption, Florida Supreme Court Approved Family Law Form 12.981(b)(2), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing. If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)’s names, and leave the rest blank for the judge to complete at your hearing. You should decide how many certified copies of the final judgment you will need and be prepared to obtain them after the hearing. There is a charge for certified copies, and the clerk can tell you how much. The file will be sealed after the final hearing, and then it will take an order from a judge to open the *981 file and obtain a copy of the final judgment.
AN ADOPTIVE STEPPARENT WILL CONTINUE TO HAVE PARENTAL RIGHTS, INCLUDING CUSTODY AND TIMESHARING, WHERE APPROPRIATE, IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE, AND MAY BE LIABLE FOR CHILD SUPPORT IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE. YOU COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOP-TEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE’S INHERITANCE.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*982 [[Image here]]
*983 [[Image here]]
*984 [[Image here]]
*985 I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
*986 [[Image here]]
*987 [[Image here]]
*988 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (12/10)
When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, a time-sharing schedule, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterp'etition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.983(d).
*989 Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, arid the clerk will determine whether you are eligible to have filing fees deferred.
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)’s father, one of you should file a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (e).
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
• Parenting Plan, Florida ; -Supreme Court Approved Family Law Form, 12.995(a), or Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b). If the parents have reached an agreement, a signed and notarised Parenting Plan should be attached.; If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing ... If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless, of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent children).
*990 The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Many circuits require that parents of a minor or dependent child(ren) who are involved in dissolution or paternity actions attend mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk of court’s office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the children) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combinedincome of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, .and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*991 [[Image here]]
*992 7. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
8. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
9. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
[[Image here]]
*993 [[Image here]]
*994 [[Image here]]
*995 [[Image here]]
*996 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(b), ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (12/10)
When should this form be used?
This form should be used when you are responding to a petition to determine paternity. You may use this form to admit or deny the allegations contained in the petition. However, if you wish to ask the court for things not included in the petition, such as, parental responsibility and time-sharing or child support, you should file an Answer to Petition and Counter-petition to Determine Paternity and for Related Relief, Florida Supreme Court Approved Family Law Form 12.983(c).
This form should be typed or printed in black ink. After completing this form, you should sign this form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
If you deny that the person named in the petition is the ehild(ren)’s father, a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
You have 20 days to file an answer to the other party’s petition. A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED ... This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a Notice for Trial Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
With this answer, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
*997 • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer.)
• Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party’s income, you may file this form after the other party files his or her financial affidavit.)
Many circuits require completion of mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Parenting Plan and Time-Sharing. If the parents are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide these issues as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your answer. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendation
• Time-Sharing Schedule
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from *998 state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12;983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from a Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*999 [[Image here]]
*1000 I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine paternity and for Related Relief (12/10)
*1001 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUN-TERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (12/10)
When should this form be used?
This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as parental responsibility, time-sharing, and child support. The answer is used to admit or deny the allegations contained in the petition, and the counterpetition is used to ask for whatéver you want the" court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.
This form should be typed or printed in black- ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to file an answer or answer and counterpetition to the other party’s petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case.
If you deny that the person named in the petition is the child(ren)’s father,, a Motion for Scientific Paternity Testing Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
After you file an answer and counterpetition, the case- will then generally proceed as follows:
UNCONTESTED. This case is uncontested if you and the other party agree on all issues raised in the petition and the coun-terpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. This case is contested if you and the other party disagree on any issues raised in the petition or counterpet-ition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Somé circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” for some basic information. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
*1002 Special notes ...
If the child(ren)’s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form. With this answer, you must file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Social Security Number Florida Supreme Court Approved Family Law Form 12.902(j).
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). ■ (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
• Certificate of Compliance with Mandatory Disclosure Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). , (If you do not know the other party’s income, you may file this worksheet' after his or her financial affidavit has been filed.)
• Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Safety-Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Many jurisdictions may require the completion of mediation before a final hearing may be set. A parenting course must be completed-prior to entry of the final judgment. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor children).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your answer and couriterpetition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Supervised Time-Sharing
• No contact
• Parenting Plan
• Parenting Plan Recommendations
• Time-Sharing Schedule
*1003 Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent -will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Parenting Plan. In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If the parties have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a)or a Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*1004 [[Image here]]
*1005 [[Image here]]
*1006 [[Image here]]
*1007 [[Image here]]
*1008 [[Image here]]
Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (12/10)
*1009 [[Image here]]
*1010 [[Image here]]
*1011 [[Image here]]
*1012 [[Image here]]
*1013 [[Image here]]
SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
Florida Supreme Court Approved Family Law Form 12.983(g), Final Judgment of Paternity (12/10)
*1014 [[Image here]]
*1015 [[Image here]]
*1016 [[Image here]]
*1017 [[Image here]]
*1018 [[Image here]]
*1019 [[Image here]]
*1020 [[Image here]]
*1021 [[Image here]]
*1022 [[Image here]]
*1023 [[Image here]]
*1024 [[Image here]]
*1025 [[Image here]]
*1026 [[Image here]]
*1027 [[Image here]]
*1028 [[Image here]]
*1029 [[Image here]]
*1030 [[Image here]]
*1031 [[Image here]]
*1032 [[Image here]]
*1033 [[Image here]]
*1034 [[Image here]]
*1035 [[Image here]]
*1036 [[Image here]]
*1037 [[Image here]]
*1038 [[Image here]]
*1039 [[Image here]]
*1040 [[Image here]]
*1041 [[Image here]]
*1042 [[Image here]]
*1043 [[Image here]]
*1044 [[Image here]]
*1045 [[Image here]]
*1046 [[Image here]]
*1047 [[Image here]]
*1048 [[Image here]]
*1049 [[Image here]]
*1050 [[Image here]]
*1051 [[Image here]]
*1052 [[Image here]]
*1053 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a), PARENTING PLAN (12/10)
When should this form be used?
A Parenting Plan is required in all cases involving time-sharing with minor children), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. This form or a similar form should be used in the development of a Parenting Plan. If the case involves supervised time-sharing, the Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used.
This form should be typed or printed in black ink. Please either delete or strike-through terms or paragraphs that are inappropriate or inapplicable to your agreement. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing- this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes ...
At a minimum, the Parenting Plan must describe in adequate detail:
• How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
• The time-sharing schedule arrangements that specify the time that the minor children) will spend with each parent,
• A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
• The methods and technologies that the parents will use to communicate with the child(ren).
The best interests of the children) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the children) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section *1054 61.18(3), Florida Statutes, including, but not limited to:
• The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
• The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
• The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
• The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
• The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
• The moral fitness of the parents;
• The mental and physical health of the parents;
• The home, school, and community record of the child(ren);
• The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
• The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily activities, and favorite things;
• The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
• The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
• Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren).
• Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
• The particular parenting tasks customarily performed by each parent and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
• The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)’s school and extracurricular activities;
*1055 • The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
• The capacity and disposition of each parent to protect the children) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
• The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)’s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*1056 [[Image here]]
*1057 [[Image here]]
*1058 [[Image here]]
*1059 [[Image here]]
*1060 [[Image here]]
*1061 [[Image here]]
*1062 [[Image here]]
*1063 [[Image here]]
*1064 [[Image here]]
*1065 [[Image here]]
*1066 [[Image here]]
*1067 [[Image here]]
*1068 [[Image here]]
*1069 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SAFETY-FOCUSED PARENTING PLAN (12/10)
When should this form be used?
A Parenting Plan is required in all cases involving minor child(ren). This form or a similar form should be used in cases when you feel your ehild(ren) cannot be safely alone with the other parent or if you believe shared parental responsibility presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows time-sharing with any minor child(ren), while providing protection for the children). If safety or supervised time-sharing is not a concern, Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) should be used. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a parenting plan will be established by the court with or without the use of parenting plan recommendations.
This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the' clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If ah agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, arid the instructions for the petition and/or answer that were filed in this case.
Special notes ...
If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Form 12.980(h), file it with the clerk of the circuit court and write confidential in the space provided in the parenting plan.
At a minimum, the Parenting Plan must describe in adequate detail:
• How the parties will share and be responsible for the daily tasks associated with the upbringing of the children),
• The time-sharing schedule arrangements that specify the time that the minor child(ren) will spend with each parent,
• A designation of who will be responsible for any and all forms- of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
• The methods and technologies that the parents will use to communicate with the child(ren).
*1070 The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:
• The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
• The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
• The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the children) as opposed to the needs or desires of the parent;
• The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
• The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
• The moral fitness of the parents;
• The mental and physical health of the parents;
• The home, school, and community record of the child(ren);
• The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
• The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor children), including, but not limited to, the ehild(ren)’s friends, teachers, medical care providers, daily activities, and favorite things;
• The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
• The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
• Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge, in writing that such evidence was considered when evaluating the best interests of the children);
• Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, *1071 sexual violence, child abuse, child abandonment, or child neglect;
• The particular parenting tasks customarily performed by each parent and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
• The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)’s school and extracurricular activities;
• The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
• The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
• The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the ehild(ren)’s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*1072 [[Image here]]
*1073 [[Image here]]
*1074 [[Image here]]
*1075 [[Image here]]
*1076 [[Image here]]
*1077 [[Image here]]
*1078 [[Image here]]
*1079 [[Image here]]

. These amendments were in response to legislation, specifically, chapter 2008-61, Laws of Florida. Chapter 2008-61 amended numerous sections of chapter 61, Florida Statutes, and various sections of chapters 409, 414, 445, 741, 742, 753, and 827. In general, this legislation removed references to the concepts of "custody,” "primary or secondary residential parent,” "visitation,” and the like, and instead incorporated the concepts of “time-sharing” and a “parenting plan.” The statutes now require the court to create or approve a "parenting plan” which establishes how divorced parents will share the responsibilities of childrearing and decision making with regard to the child and sets forth a "time-sharing” schedule. See generally ch. 2008-61, §§ 2, 8, Laws of Fla. (amending *793 §§ 61.046 and 61.13, Fla. Stat. (2007)). This legislation became effective October 1, 2008.

. Form 12.993(d) was adopted in response to chapter 2008-61, section 10, Laws of Florida, amending section 61.13002, Florida Statutes, dealing with children of parents who are activated, deployed, or temporarily assigned to military service. In addition to revising the terminology therein to delete "custody” and similar terms and replacing them with "time-sharing,” the Legislature also amended the statute to allow not only a temporary modification of time-sharing but also a temporary modification of child support in the situations addressed by this section. New form 12.993(d) is a form order for the court to use when such modifications are sought.

. On the Court’s own motion, for purposes of efficiency, we adopt amendments to form 12.980(h) (Petitioner’s Request for Confidential Filing of Address) that have been proposed by the Family Law Rules Committee in a pending case, In re Implementation of Committee on Privacy & Court Records Recommendations, No. SC08-2443 (Fla. petition filed Dec. 22, 2008).